**STATE of Minnesota, Respondent,**

v.

**Richard Anthony WYBIERALA, Appellant.**

**No. 49791.**

Supreme Court of Minnesota.

Jan. 11, 1980.

ting certain evidence on the question of value of the property taken and that, disregarding this inadmissible evidence, the evidence that the property was worth more than $100 is legally insufficient, and (2) that the trial court, notwithstanding defense counsel's explicit waiver, erred in failing to submit the lesser offense of misdemeanor theft of property valued at $100 or less. Defendant seeks a reversal of his conviction and a remand for resentencing on misdemeanor theft or, in the alternative, a new trial at which the inadmissible evidence will be excluded and misdemeanor theft will be submitted. Holding (1) that the trial court did not abuse its discretion in admitting evidence on the issue of value and that the evidence on value was sufficient, and (2) that defendant, by failing to object to the lack of submission of misdemeanor theft, forfeited his right to raise the issue on appeal, we affirm.

Affirmed.

Nilva & Frisch and Allen I. Nilva, St. Paul, for appellant.

Warren Spannaus, Atty. Gen., Thomas W. Foley, County Atty., and Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

TODD, Justice.

Defendant was found guilty by a district court jury of a charge of felonious theft of property valued at more than $100 but not more than $2,500, Minn.Stat. § 609.-52, subds. 2(1), 3(2) (1978), and was sentenced by the trial court to a limited maximum term of 2 years in prison (rather than the 5 years authorized by statute). Defendant, whose sentence has been stayed by the district court pending the outcome of this appeal from judgment of conviction, contends (1) that the trial court erred in admit-